[No. 11485.   Department Two.—December 27, 1888.]

## PACIFIC SEVENTH-DAY ADVENTIST PUBLISHING ASSOCIATION, APPELLANT, v. L. M. McKENNEY ET AL., RESPONDENTS.

CONTRACT FOR PRINTING BOOK — CONSTRUCTION. — The plaintiff and the defendant McKenney entered into a contract whereby the former agreed to print a book for the latter. The defendants Hicks and Judd, who attended to the sale and distribution of the book, guaranteed to pay for the printing out of the first moneys collected from the sales. The proceeds of the sales realized more than enough to pay for the printing, but Hicks and Judd failed to pay the plaintiff a balance of $1,510 due him therefor. Thereafter the plaintiff and McKenney entered into a second contract, whereby the former agreed to print another book for the latter, the expenses of which were to be paid from the proceeds of the sale, and the balance was to be divided, one third to McKenney, and two thirds to the plaintiff, to be credited on its balance of $1,510. By reason of the fault of an employee of McKenney, the book contained certain pirated copyrighted articles. The owner of the copyright obtained a judgment against the plaintiff and McKenney for the infringement, which McKenney paid. *Held*, that neither of the defendants could credit the amount paid in satisfaction of the judgment on the balance due the plaintiff.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*F. M. Husted*, and *H. A. Powell*, for Appellant.

*W. B. Tyler*, for Respondents.

BELCHER, C. C.—This is an appeal by the plaintiff, a corporation, from a judgment rendered in its favor against the defendants, and the case comes here on the judgment roll. It is claimed that the judgment was not for as large a sum as plaintiff was entitled to recover. The facts found by the court are in substance as follows:—

In 1880 the plaintiff was a corporation engaged in the business of printing and publishing; the defendant McKenney was engaged in compiling a book, called the Pacific Coast Directory; and the defendants Hicks and Judd were partners engaged in the business of bookbinding. An arrangement had been entered into between McKenney and Hicks and Judd, by which they were to bind the directory for him, and were to attend to the distribution and sale thereof, and to collect and receive all the moneys arising therefrom. McKenney applied to plaintiff to print his directory, and plaintiff agreed to do so, provided Hicks and Judd would become responsible as guarantors for the price of the printing. Thereupon Hicks and Judd entered into a written agreement to pay plaintiff for printing the directory "out of the first money received in collections for the same." The plaintiff then printed and delivered to defendants five thousand copies of the directory, and the price of the printing amounted to $3,264.92. Hicks and Judd disposed of the book, and received in collections for the same more than the sum due plaintiff. They paid to the plaintiff various sums, and thereby reduced the amount due to $2,020.02. This action was brought to recover the last-named sum, and after it was commenced, a further payment was made, leaving then due only $1,510.

Subsequently, and while the action was still pending, McKenney compiled another directory, and engaged the plaintiff to print and bind the same. A written agreement was entered into between the parties, which pro-

vided, among other things, that the collections for the directory were to be paid to the plaintiff, and that out of the gross collections all expenses of printing, binding, paper, compiling, etc., together with all other legitimate expenses, should be paid; that of the balance on hand, after the payment of all such expenses, McKenney should receive one third, and the plaintiff two thirds, the two thirds, however, to be applied to McKenney's indebtedness to plaintiff, consisting of the said $1,510, and $400 due for other printing; and if any surplus should remain after paying the two claims mentioned, then it should be divided equally between the parties. Pursuant to this agreement the directory was printed, bound, and delivered for distribution by the plaintiff.

While McKenney was engaged compiling materials for the last directory, he employed an assistant to write sketches descriptive of certain towns to be mentioned therein, and the assistant, without his knowledge, pirated the sketches from a copyrighted work owned by one Disturnell. As soon as McKenney began to deliver the book to the subscribers therefor, Disturnell commenced an action in the United States circuit court for California against him and the plaintiff, praying for damages, and an injunction restraining any further distribution. Thereupon McKenney eliminated the pirated sketches, and had a part of the book reprinted, and then delivered the volumes to the subscribers therefor, and made the collections. Disturnell prosecuted his action, and recovered judgment therein against McKenney and the plaintiff for the sum of $964.80, damages and costs.

McKenney paid this judgment out of the money realized from the collections for the directory, and the balance of the profits arising from the publication of the work was credited by the plaintiff on its claim for $1,510. This balance paid the interest on the claim up to March 20, 1885, and $201.66 on the principal.

The defendants contended at the trial that the $964.80

should also have been credited on the plaintiff's claim of $1,510, and that there was, consequently, left due thereon only the sum of $343.54. The court accepted the defendants' theory, and rendered judgment against them for the last-named sum.

Whether this theory was right or not is the only question presented for decision.

It is clear that McKenney was not entitled to the credit allowed, and that as to him the judgment was erroneous. He paid the $964.80 in satisfaction of a judgment against himself, and obviously could not ask to have the same money again credited on another claim. It is also clear, we think, that Hicks and Judd were not entitled to the credit allowed. They obligated themselves to pay plaintiff for printing the directory out of the first moneys received from collections, and the collections made by them were more than sufficient to make the payment. They were not parties to and had no connection with the agreement between plaintiff and McKenney as to the second directory. Under that agreement the plaintiff was to print and bind the directory, and out of the collections all expenses of printing, binding, paper, compiling, etc., were to be paid, *together with all other legitimate expenses.* Until all these expenses were paid, there was to be no division of profits, and consequently nothing to be applied toward the liquidation of the $1,510. The liability in payment of which the $964.80 was used was incurred in getting out the directory, and in consequence of a wrong committed by an employee of McKenney, and not by reason of any fault or failure on the part of plaintiff. The payment of this liability was therefore a legitimate expense, which had to be met, and came fully within the terms of the agreement. This being so, Hicks and Judd had no right to the credit, and the judgment as to them was also erroneous.

We therefore advise that the judgment be reversed and the cause remanded, with directions to the court

below to enter judgment against the defendants on the findings for $1,308.34, with legal interest thereon since March 20, 1885.

FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed and the cause remanded, with directions to the court below to enter judgment against the defendants on the findings for $1,308.34, with legal interest thereon since March 20, 1885.